```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JESUS FUENTES,

                Petitioner,

     -against-                          MEMORANDUM & ORDER
                                        04-CV-0737(JS)
THOMAS LaVALLEY, SUPERINTENDENT,
CLINTON CORRECTIONAL FACILITY,1

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Jesus Fuentes, pro se
                    #98-A-4737
                    Clinton Correctional Facility
                    P.O. Box 2002
                    Dannemore, NY 12929

For Respondent:     Michael Herman Blakey, Esq.
                    Suffolk County District Attorney's Office
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

Currently pending before the Court is pro se petitioner Jesus Fuentes' ("Fuentes" or "Petitioner") motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Specifically, Petitioner maintains that this Court's entry of judgment upon denying his habeas petition is void. For the following reasons, Petitioner's motion to vacate is DENIED.

---

[1] The Clerk of the Court is directed to amend the caption to reflect Thomas LaValley, Superintendent of Clinton Correctional Facility, as the Respondent.

BACKGROUND

The Court presumes familiarity with the background and procedural posture of this case. In fact, both Petitioner and respondent, Thomas LaValley, Superintendent, Clinton Correctional Facility ("Respondent") have detailed the procedural posture of this case in their most recent submissions. (See generally Pet.'s Mot., Docket Entry 45; Resp. Opp. Aff., Docket Entry 48.)

Briefly, Petitioner filed a petition for a writ of habeas corpus on February 20, 2004 pursuant to 28 U.S.C. § 2254. Thereafter, the Court granted Petitioner's motion to amend/supplement the Petition. (See Docket Entries 26-27.) On August 5, 2009, the Court denied Fuentes' Petition in its entirety (the "2009 Order," Docket Entry 34). As the Court explained in that Order, Petitioner was convicted of one count of Rape in the First Degree, one count of Sodomy in the First Degree, one count of Burglary in the First Degree, one count of Criminal Possession of Stolen Property in the Third Degree, and two counts of Assault in the Second Degree after a trial in the Supreme Court, Suffolk County. (2009 Order at 2.) Petitioner was convicted of, inter alia, breaking into K.R.'s home on the evening of September 2, 1996, assaulting her while she slept, and sexually assaulting K.R. as she lay unconscious. (2009 Order at 1-2 (citations omitted).) Several days after that

assault, Petitioner was arrested on a traffic warrant and, pursuant to a search incident to the arrest, police discovered foreign coins similar to those taken from K.R.'s home. (2009 Order at 2 (citations omitted).) After a search warrant was issued, police found a pawn shop receipt in Petitioner's home. (2009 Order at 2 (citations omitted).) The pawned jewelry was identified as the jewelry stolen from K.R. and the pawn shop owner identified Petitioner as the individual who pawned the jewelry. (2009 Order at 2 (citations omitted).)

The Court listed the following grounds for Fuentes' Petition: (1) the trial court's failure to establish acceptable boundaries of admissible pre-hypnotic and inadmissible post-hypnotic testimony prevented Petitioner from effectively cross-examining K.R.; (2) Petitioner was denied his right to protection from double jeopardy when he was convicted of two identical counts of assault in the second degree; (3) the conviction was obtained in violation of Petitioner's right to a fair trial because (a) Petitioner's ability to cross-examine a detective was hindered, (b) the trial court coerced a verdict from the jury when it failed to grant the jury's request for a continuance, and (c) the trial court failed to respond appropriately to the jury's questions regarding the need for two assault charges; (4) trial counsel did not provide Petitioner with effective assistance; (5) Petitioner's rights to due

3

process were violated because his guilt cannot be proven beyond a reasonable doubt; (6) Petitioner's rights to due process were violated when the New York State courts denied his claim under state law for post-conviction DNA testing of a hair found in the rape victim's pubic combing; (7) the prosecution committed misconduct in purportedly leading Petitioner's trial counsel to believe that DNA analysis had been done; and (8) this purportedly "new" evidence provided a gateway for the Court to review the merits of Petitioner's defaulted or barred claims. (2009 Order at 4-5.) Ultimately, each of these grounds was rejected.

## DISCUSSION

On May 10, 2013, Petitioner filed the pending motion to vacate the 2009 Order and entry of judgment pursuant to Rule 60(b)(4) as void because, he argues, the Court acted in a manner inconsistent with due process. Petitioner's notice of motion is approximately twenty-four pages and his brief in support totals approximately seventy-four pages. (See generally Pet.'s Mot.; Pet.'s Br. to Vacate, Docket Entry 46.) In short, Petitioner raises several recurring arguments--namely, the Court mischaracterized Petitioner's grounds and assertions, the Court ignored or failed to adjudicate particular issues, and the Court is biased and acted like a prosecutor.

4

The Court will first discuss the applicable legal standard before turning to Petitioner's motion more specifically.

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 60(b)(4) provides that a district court may relieve a party from a final judgment when "the judgment is void." FED. R. CIV. P. 60(b)(4). Rule 60(b) applies in the habeas context, allowing the court to reopen a habeas proceeding when appropriate. <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 534, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). "A judgment is not void 'simply because it is or may have been erroneous.'" <u>Graves v. Phillips</u>, 531 F. App'x 27, 29 (2d Cir. 2013) (quoting <u>United Student Air Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010)). Rather, it "'applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" <u>Id.</u> (quoting <u>United Student Aid Funds, Inc.</u>, 559 U.S. at 271, 130 S. Ct. 1367)). On the other hand, "[u]nder Rule 60(b)(4), a deferential standard of review is not appropriate because if the underlying judgment is void, it is a <u>per</u> <u>se</u> abuse of discretion for a district court to deny a movant's motion to vacate the judgment . . . ." <u>Central</u>

Vermont Public Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003) (internal quotation marks and citation omitted).

II. Timeliness

"A motion under Rule 60(b) must be made within a reasonable time . . . ." FED. R. CIV. P. 60(c)(1). Courts, though, "have been exceedingly lenient in defining the term 'reasonable time' . . . ." Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997).

Even despite this lenient standard, however, the Court finds that Petitioner's motion is not timely. The Court denied Fuentes' Petition in its entirety on August 5, 2009. Petitioner did not file the instant motion until May 10, 2013--more than three and one-half years later. Courts have found similar, or even lesser, periods of time to be unreasonable. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time."); Truskowski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (finding that a delay of eighteen months was "plainly" not made within a reasonable time); Carbone v. Cunningham, 857 F. Supp. 2d 486, 488 (S.D.N.Y. 2012) (finding motion to vacate was untimely where the court denied the habeas petition more than four years prior). Moreover, Petitioner raises various deficiencies with the 2009 Order and the Court's purported biases as expressed therein. Thus, Petitioner could

have raised these very arguments years earlier and proffers no explanation for the delay. See Evans v. Senkowski, No. 98-CV-4488, 2008 WL 5191895, at *4 (E.D.N.Y. Dec. 8, 2008) (denying motion to vacate regarding a habeas petition where the petitioner was aware of judicial proceedings and did not explain his failure to raise grounds earlier).

Accordingly, Petitioner's motion to vacate is not timely and is DENIED.

III. Motion to Vacate

Moreover, even if Petitioner's motion was not time-barred, there are several fatal deficiencies. As previously noted, Petitioner generally asserts that the Court mischaracterized Petitioner's grounds, ignored or failed to adjudicate particular issues, and is biased.[2]

---

[2] Petitioner's motion repeatedly states that the 2009 Order is void because the Court acted in a manner inconsistent with due process. As such, the motion addresses the integrity of the habeas proceedings. To the extent that his motion relates to underlying criminal proceedings and conviction, it would be a successive petition requiring authorization. See Harris v. United States, 357 F. Supp. 2d 524, 526-27 (N.D.N.Y. 2005) (explaining the difference between Rule 60(b) motions and successive petitions and the requirements under the Antiterrorism and Effective Death Penalty Act of 1996 for successive petitions). Where, as here, Petitioner has not obtained authorization, "[t]he court may simply deny the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Id. at 529 (internal quotation marks and citation omitted). Thus, insofar as this can be considered a successive petition, the motion is DENIED.

7

Although Petitioner has made clear that he brings this motion under Rule 60(b)(4), his arguments regarding mischaracterization and failure to adjudicate certain grounds and issues are more appropriately considered under Rule 60(b)(1). That rule provides that "the court may relieve a party . . . from a final judgment . . . for the following reasons: mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Petitioner raises arguments such as that the Court mischaracterized his ground challenging two identical counts of assault in order to justify a pre-judged conclusion (Pet.'s Br. at 27-29[3]); the Court adopted Respondent's "semantically re-characterized version" of Petitioner's assertions regarding cross-examination of a detective (Pet.'s Br. at 30-31); and the Court ignored or failed to adjudicate whether the trial court had implemented a pretrial evidentiary hearing regarding hypnosis (Pet.'s Br. at 17), Petitioner's ineffective assistance of counsel grounds in the aggregate (Pet.'s Br. at 55-57), and certain scientific evidence (Pet.'s Br. at 63-64).[4]

---

[3] Page numbers refer to those provided by the Electronic Case Filing System.

[4] This is a non-exhaustive list, exemplifying some of Petitioner's claims. Nonetheless, the same analysis applies to any further examples.

8

Relevant precedent dictates that Rule 60(b)(1) applies to errors in fact or law. See, e.g., United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009); In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003); Serrano v. Smith, No. 05-CV-1849, 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009). Thus, Petitioner's assertions that this Court made various errors in mischaracterizing, ignoring, or failing to adjudicate issues fall within the confines of subdivision one. However, unlike Rule 60(b)(4), Rule 60(b)(1) has a one year statute of limitation. FED. R. CIV. P. 60(c)(1). Accordingly, any such arguments are time-barred.

Additionally, though, Petitioner's motion can be read--and indeed this appears to be his primary argument--to assert that the undersigned is biased and that instances of mischaracterization and failures to adjudicate are examples of how the Court acted in a manner inconsistent with due process. His basis for this assertion, however, is that the undersigned is a Caucasian female and therefore sympathized with the Caucasian female victim. (See, e.g., 10/30/09 Ltr., attached to Pet.'s Mot. ("I thought that when my petition for habeas corpus was assigned to a woman . . . that I was doomed because your empathy for the female victim in this case . . . would affect your ethical duty to judge with impartiality . . . ."); Pet.'s Br. at 50 (referring to the Court as a "female-gendered biased

9

decisionmaker"); Pet.'s Br. at 68 (Court had a "misguided sense of Caucasian, female-based solidarity" (emphasis omitted)).)

Courts have made abundantly clear that considerations such as race and gender alone do not implicate a court's impartiality. See Blank v. Sullivan & Cromwell, 418 F. Supp. 1, 4 (S.D.N.Y. 1976) (rejecting gender as a valid basis for recusal); see also Armatas v. Maroulleti, No. 08-CV-0310, 2014 WL 455250, at *2 (E.D.N.Y. Feb. 4, 2014) (rejecting a Rule 60(b) motion based upon alleged bias due to the Court's religion); Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy, No. 08-CV-0509, 2010 WL 3303852, at *1 (W.D.N.Y. Aug. 19, 2010) (holding that recusal is not warranted due to a judge's religion, race, ethnicity, or gender) (citing United States v. El-Gabrowny, 844 F. Supp. 955 (S.D.N.Y. 1994); Hoatson v. N.Y. Archdiocese, 2006 U.S. Dist. LEXIS 87877 (S.D.N.Y. 2006); Idaho v. Freeman, 507 F. Supp. 706 (D. Idaho 1981); Macdraw, Inc. v. CIT Grp. Equip. Fin., Inc., 994 F. Supp. 447 (S.D.N.Y. 1997); Blank v. Sullivan & Cromwell, 418 F. Supp. 1 (S.D.N.Y. 1975); Commonwealth of Penn. v. Local Union 542, IUE, 388 F. Supp. 155 (E.D. Pa. 1973)), aff'd 449 F. App'x 57 (2d Cir. 2011). The same is true here. Petitioner's motion is replete with assertions regarding female jurists, yet his arguments fundamentally express disagreement with the Court's rulings. See LoCascio v. United States, 372 F. Supp. 2d 304, 315 (E.D.N.Y. 2005) ("[J]udicial

rulings alone almost never constitute a valid basis for a bias or partiality motion."), aff'd 473 F.3d 493 (2d Cir. 2007). Petitioner has not shown that vacatur under Rule 60(b)(4) is appropriate, and therefore, even if his motion was not untimely, it would be DENIED on this basis.

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED.

The Clerk of the Court is directed to amend the caption to reflect Thomas LaValley, Superintendent of Clinton Correctional Facility, as the Respondent. Furthermore, the Clerk of the Court is directed to redact any references to the victim's full name from Petitioner's brief and to file an unredacted copy under seal.

Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Order to the Petitioner.

SO ORDERED.

DATED: February  24 , 2014         /s/ JOANNA SEYBERT
       Central Islip, New York     Joanna Seybert, U.S.D.J.